U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUN 2 6 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CARMEN GRICCO<br>    FED. REG. NO. 54747-066<br>VS.<br><br>JOE KEFFER, WARDEN | CIVIL ACTION NO. 08-0786<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Carmen Gricco filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on June 2, 2008. Petitioner is a prisoner in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving multiple life sentences imposed following his 2002 drug, weapons, and money laundering convictions in the United States District Court for the Eastern District of Pennsylvania.[1] He claims entitlement to *habeas corpus* relief because he was "deprived of his right to direct appeal and speedy timely direct appeal and Sixth Amendment right to appellate counsel."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be

---

[1] See United States of America v. Carmen Gricco, aka Joe, aka Carmen Francis Grucco, No. 2:01-cr-00090 (E.D.Pa). According to court records, plaintiff was convicted of manufacturing and possessing and conspiring to manufacture and distribute methamphetamine, money laundering, and various weapons charges.

**DISMISSED WITH PREJUDICE.**

## *Statement of the Case*

In 2002, petitioner was convicted of various felony offenses in the United States District Court for the Eastern District of Pennsylvania. Multiple life sentences were imposed. <u>United States of America v. Carmen Gricco, aka Joe, aka Carmen Francis Grucco</u>, No. 2:01-cr-00090 (E.D.Pa). He filed a notice of appeal in the United States Third Circuit Court of Appeals and requested appointment of appellate counsel. The Third Circuit directed petitioner to provide a financial affidavit, however, petitioner apparently did not comply with the directive and in due course his appeal was dismissed. He petitioned the Supreme Court for writs of *certiorari* but his petition was denied on February 22, 2005; his application for rehearing was denied on May 2, 2005. See <u>Gricco v. United States</u>, 543 U.S. 1175, 125 S.Ct. 1387, 161 L.Ed.2d 157 (2005); rehearing denied, 544 U.S. 1027, 125 S.Ct. 1971, 161 L.Ed.2d 874 (2005).

On September 22, 2005 petitioner filed a *pro se* "Motion to Recall the Mandate" in the Third Circuit Court of Appeals. The Third Circuit denied the motion on November 3, 2005.

Meanwhile, on October 20, 2005, petitioner filed a *pro se* pleading in the Eastern District of Pennsylvania which was entitled, "Status Of Motion to Recall Mandate." On December 2, 2005 United States District Judge John R. Padova dismissed the

motion without prejudice noting, "Mr. Gricco ... alleges numerous violations of federal law from the inception of his criminal prosecution through the termination of his appeal. Although Mr. Gricco appears to attack the lawfulness of his conviction, the instant motion specifies that it does not seek relief pursuant to 28 U.S.C. §2255. The only relief Mr. Gricco specifically seeks is aid in reinstating his direct appeal. This Court is without jurisdiction to grant the relief requested." See <u>United States of America v. Carmen Gricco, aka Joe, aka Carmen Francis Grucco</u>, No. 2:01-cr-00090 (E.D.Pa).

Petitioner filed the instant petition pursuant to §2241 on June 2, 2006. In support of the petition he argues two grounds for relief. He claims that he was (1) deprived of the right to a direct appeal in violation of the Fifth Amendment's due process guarantee; and, that he was (2) deprived of the right to appellate counsel in violation of the Sixth Amendment's right to counsel.

### Law and Analysis

Petitioner seeks *habeas corpus* relief pursuant to 28 U.S.C. §2241. *Habeas corpus* petitions filed pursuant to that statute are generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for federal inmates

to collaterally attack the legality of their convictions or sentences. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

A claim that one's right to appeal a criminal conviction has been denied or otherwise violated is considered a collateral attack on the conviction and sentence and is properly raised in a Motion to Vacate filed pursuant to 28 U.S.C. §2255. See <u>Rodriguez v. United States</u>, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). Claims of ineffective assistance of appellate counsel are also collateral attacks which should be raised in a §2255 Motion to Vacate. <u>United States v. Bass</u>, 310 F.3d 321, 325 (5th Cir.2002)("[W]e recognize that a claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal.")

Petitioner collaterally attacks the constitutionality of his conviction and sentence when he argues that he was denied his right to an appeal and that he received ineffective assistance of appellate counsel. Thus, his claims are more appropriately raised in a §2255 Motion to Vacate which must be filed in "...the court which imposed the sentence..." See §2255(a).

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243

F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241, but only if the remedy afforded by §2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255.[2]

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to

---

[2] 28 U.S.C. §2255(e) provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Vacate. In short, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. Benson v. Justice, 511 F.3d 486 (5th Cir. 2007); Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

Accordingly,

**IT IS RECOMMENDED THAT** the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITH PREJUDICE** because this Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** Douglas v. United Services Automobile Association, 79 F.3d 1415

(5th Cir.1996).

    In Chambers, Alexandria, Louisiana _June 26_, 2008.

                                                  JAMES D. KIRK
                                                  UNITED STATES MAGISTRATE JUDGE